No. 23,555.

THE TROPICAL PAINT & OIL COMPANY, *Appellant,* v. THE PEOPLES STATE BANK, *Appellee.*

SYLLABUS BY THE COURT.

1. COLLECTION OF CHECK—*Unauthorized Indorsement of Check by Agent—Ratification.* The evidence relating to the ratification of unauthorized acts of an agent examined, and held to be sufficient to support the findings and verdict of the jury.

2. VERDICT AND FINDINGS—*Inconsistency.* It is further held that there is no such inconsistency in the special findings of the jury as to require the overthrow of the general verdict.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 11, 1922. Affirmed.

*R. A. Lovitt,* of Salina, for the appellant.
*C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the Tropical Paint & Oil Company against The Peoples State Bank to recover upon a check issued by a customer of the company and paid by the bank upon the alleged unauthorized indorsement of an agent of the plaintiff. Verdict and judgment were in favor of the defendant, and plaintiff appeals.

The Gage Auto Company of Minneapolis, Kan., a customer of the plaintiff, had purchased goods from it, and a dispute having arisen as to the bill, L. C. Allen, an agent of the plaintiff, was sent by it to settle the dispute. A settlement was made and Allen was given a check in favor of plaintiff for the amount agreed to be due. This was taken by Allen to Salina, his headquarters, and after indorsing it in the name of plaintiff by himself as agent, it was presented to and cashed by the bank. He was a salesman of plaintiff in a cer-

tain territory in the central part of the state, in which he took orders for goods, transmitting the orders to the home office at Cleveland, Ohio, and his compensation was a certain commission on the amount of his sales. According to his testimony he had been asked to adjust a number of disputed accounts with customers, had made settlements with them and collected the amounts due from them as he did with the Gage Auto Company. No express authority had been given him to indorse checks made payable to the plaintiff, but he testified that in other settlements made with customers he had made like collections, and received and indorsed checks and drafts without complaint from plaintiff. He testified that he reported these settlements to plaintiff, and in the one in question he had reported the settlement and collection on the day it was made or on the following day, asking plaintiff to credit the amount to the Gage Auto Company and charge it to his account. His testimony is that no objection was made to him by plaintiff that he had collected the account and retained the money, and further, that after charging himself with the amount of the collection the plaintiff was still owing him for unpaid commissions between $40 and $50.

Considerable attention was given to the matter of the claimed ratification of the action of Allen by the plaintiff. It appears that after the settlement was made with the Gage Auto Company and on the same day that company in a reëxamination of its account with plaintiff discovered that a recent bill of goods for $8.17 had not been included in the settlement, and a draft for that amount was procured by the Gage Auto Company and sent to plaintiff in the following letter on August 28, 1917:

"*Gentlemen:* Enclosed find draft in payment of invoice of 8-4-17. (stating the account) When your salesman Mr. Allen was here to collect this was overlooked so we are enclosing draft for same."

The letter was received and the enclosed draft was cashed by plaintiff August 31, 1917.

In answers to special questions submitted, the jury found that the plaintiff first learned that the check in controversy had been indorsed by Allen in the name of the plaintiff on November 6, 1917, and that this information was acquired from the Gage Auto Company. The question, What did plaintiff do which amounted to a ratification of the act of Allen in indorsing the check? was answered, "Acceptance of check for $8.17 and not replying." A spe-

cific finding was made that the plaintiff ratified the collection of
$179.34 from the Gage Auto Company by Allen and also ratified
the appropriation of that sum by Allen to his own use.

The contention is that under the findings of the jury the plaintiff
did not know of Allen's act in indorsing and collecting the check
until 66 days after the transaction; to wit, November 6, 1917, and
that there is nothing in its act of that day nor in its subsequent acts
which affords any ground for finding ratification. Apart from the
evidence of Allen that he had reported the matter of the collection
to the plaintiff, there is the letter of the Gage Auto Company to it
which was sent the day following the settlement and collection, to
the effect that its agent had been there to collect, that an item of the
account had not been collected by him, and that a draft was in-
closed to complete the payment. It appears that express authority
had not been given to Allen to indorse checks or drafts of plaintiff,
and an indorsement made without authority is without effect unless
the payee is negligent or is otherwise precluded by his conduct from
asserting a lack of authority. It appears that plaintiff had per-
mitted Allen to indorse checks obtained in other settlements with-
out objection. Of course there cannot be ratification of an unau-
thorized act of an agent without knowledge of the principal, and
plaintiff contends that the jury has found that it had no knowledge
of the collection and indorsement until November 6, 1917, about
three months after the collection was made. The jury did find that
plaintiff had no knowledge that payment was made by a check
which had been indorsed by Allen until that time, but it also found
that the plaintiff had ratified the collection of the amount by Allen
and the application of the amount to his own account and use.
There was a general finding in favor of defendant based upon all
the evidence, and while plaintiff did not learn that the method of
payment was by a check that was indorsed and cashed by Allen,
until November, the verdict and findings warrant the interpretation
that plaintiff had learned of the collection within a few days after
it was made. The letter of August 28 brought to the knowledge of
plaintiff that Allen had visited the Gage Auto Company for the
purpose of making a collection and practically given plaintiff to un-
derstand that he had collected all of the bill except $8.17. With
this information as well as that sent by Allen, plaintiff raised no ob-
jection and took no action until the following November, when it
notified the Gage Auto Company that thereafter no money should

be paid to Allen on its account as he no longer represented the plaintiff in any capacity.

Under the circumstances disclosed by the record, the plaintiff is not in a position to deny the authority of Allen to make the collection or that it was accomplished by means of the check that was indorsed and cashed by Allen. The claimed inconsistency in the findings is not such as to overthrow the verdict. All are to be considered together and the evidence, findings and verdict when so considered are fairly open to an interpretation that supports the judgment of the court.

Judgment affirmed.

BURCH, J.: Not sitting.